UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WILDSTONE CONSTRUCTION, LLC | § |
| | § |
| v. | § |
| | § CIVIL NO. 4:19-CV-589-SDJ |
| BERKSHIRE HATHAWAY | § |
| SPECIALTY INSURANCE | § |
| COMPANY | § |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 2, 2021, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report"), (Dkt. #56), that Defendant Berkshire Hathaway Specialty Insurance Company's ("Berkshire Hathaway") Motion for Partial Summary Judgment (the "Motion"), (Dkt. #36), be denied. Berkshire Hathaway filed objections to the Report (the "Objections"), (Dkt. #57), and Wildstone Construction, LLC ("Wildstone") filed a response (the "Response"), (Dkt. #59).

The Court has conducted a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## BACKGROUND

The factual background of this matter is described at length in the Report. *See* (Dkt. #56 at 1–6). The Court will, therefore, repeat only those details that are relevant to the Objections. Berkshire Hathaway contends that it issued a payment bond (the "Bond") for Munilla Construction Management, LLC ("MCM"), a general contractor, on a public works project (the "Project") in Denton County, Texas, for the benefit of the Texas Department of Transportation ("TxDOT"). *See* (Dkt. #36 at 3–4). Wildstone and MCM executed a subcontract (the "Subcontract"), (Dkt. #36-1), under which Wildstone agreed to install storm-drain systems and utility relocations on the Project. *See id.* The Subcontract contained a "no-damages-for-delay provision" that was subsequently modified to read, in relevant part:

> Unless otherwise allowable in the AGREEMENT, SUBCONTRACTOR shall not be entitled to damages for delays unless agreed to in writing by both parties.

(Dkt. #38 at 3).

Wildstone alleges, in its Third Amended Complaint, (Dkt. #31), that it is entitled to payment from Berkshire Hathaway, in part, for recovery of delay damages. *See* (Dkt. #31 at 4). In response, Berkshire Hathaway has filed the present Motion, arguing that the no-damages-for-delay provision is enforceable and that summary judgment should be awarded that denies any delay damages sought by Wildstone. *See* (Dkt. #36). Wildstone has responded in opposition, arguing, in part, that Wildstone and MCM had an agreement in writing that Wildstone was entitled to delay damages, as evidenced by an Affidavit from John Kolb, President of Wildstone,

2

and emails between Wildstone and MCM. *See* (Dkt. #37); (Dkt. #37-2). Berkshire Hathaway has replied in support of its Motion, (Dkt. #38), and Wildstone has filed a sur-reply in opposition, (Dkt. #39).

The Magistrate Judge's Report recommends that Berkshire Hathaway's Motion be denied on the basis that Wildstone has raised a genuine issue of material fact. *See* (Dkt. #56 at 13).

### OBJECTIONS TO REPORT AND RECOMMENDATION

Berkshire Hathaway objects to the Report's finding "that a fact finder could reasonably determine the writings, from both parties, demonstrate Wildstone and MCM agreed, in writing, that Wildstone is entitled to damages for delays on the Project." *See* (Dkt. #57 at 3). Berkshire Hathaway takes issue with the Magistrate Judge's analysis of the Affidavit of John Kolb, in which Kolb testifies that the parties agreed that Wildstone would be entitled to delay costs "when paid by TxDOT for claims MCM was submitting." *See* (Dkt. #57 at 3); (Dkt. #37-2 at 4).

Berkshire Hathaway contends that Kolb's statement places a condition on Wildstone's entitlement to delay damages. *See* (Dkt. #57 at 3). Kolb's statement, Berkshire Hathaway argues, shows that Wildstone would be entitled to delay costs *only if* TxDOT *first* paid MCM for claims submitted; after MCM was paid, Wildstone's entitlement to compensation for delay costs would actualize. *See* (Dkt. #57 at 3). Thus, according to Berkshire Hathaway, because Wildstone did not present evidence that MCM ever submitted a claim or was paid by TxDOT for delay costs, there is no evidence of Wildstone's entitlement to delay damages. *See* (Dkt. #57 at 3). Berkshire

3

Hathaway dedicates the remainder of its Objections to emphasizing the lack of evidence and to state that each of four pieces of correspondence considered in the Report do not alone demonstrate that MCM agreed in writing to Wildstone's entitlement to delay damages. *See* (Dkt. #57 at 4–6). Berkshire Hathaway argues that, "[a]t most, those communications and the affidavit testimony of Kolb create a fact issue on whether a written agreement existed between MCM and Wildstone for MCM to submit a delay claim to TxDOT on behalf of Wildstone." *See* (Dkt. #57 at 6).

Wildstone responds that Berkshire Hathaway's objection—that Kolb's statement presents a condition on Wildstone's entitlement to delay damages—is a brand-new argument. *See* (Dkt. #59 at 3). Wildstone is correct. Berkshire Hathaway's Motion argued that the no-damages-for-delay clause is enforceable and precludes Wildstone's entitlement to delay damages. *See* (Dkt. #36 at 6–7). Wildstone filed a response, presenting evidence in support of its assertion that Wildstone and MCM had an agreement, as contemplated under the modified no-damages-for-delay clause, that Wildstone would be entitled to delay damages. *See* (Dkt. 37 at 3–7). Though Wildstone submitted with its response the Kolb affidavit, which included the statement that Berkshire Hathaway now argues presents a condition on the alleged agreement, *see* (Dkt. #37-2 at 4), Berkshire Hathaway's reply did not contain any argument that the agreement was conditional and would require a showing of payment from TxDOT. *See* (Dkt. #38).

Issues raised for the first time on objection are not properly before the court. *See Henderson v. Dir., TDCJ-CID*, No. 2:14cv941, 2018 WL 739121, at *3 (E.D. Tex.

4

Feb. 7, 2018) (citing *Omran v. Prator*, 674 F.App'x 353, 355 (5th Cir. 2016) (per curiam) ("Omran's equal-protection claim will not be considered because it was raised for the first time in his objections to the magistrate judge's report and recommendation"); *Finley v. Johnson*, 243 F.3d 215, 222 n.3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."); and *United States v. Armstrong*, 951 F.2d 626 (5th Cir. 1992)).

On this basis alone, the objections must be overruled. Further, even if the argument were properly before the Court, it is without merit. As previously noted, Berkshire Hathaway concedes that, "[a]t most, [the] communications and the affidavit testimony of Kolb create a fact issue on whether a written agreement existed between MCM and Wildstone for MCM to submit a delay claim to TxDOT on behalf of Wildstone." *See* (Dkt. #57 at 6). Assuming *arguendo* that such an agreement existed, the question remains as to whether Kolb's statement—"when paid by TxDOT for claims MCM was submitting"—is, in fact, a statement of conditional entitlement to delay damages (meaning that, if TxDOT did not pay, Wildstone would not be entitled to costs) or merely a statement regarding the time at which payment would become due (meaning that entitlement to delay costs is agreed but that delivery of the funds depends on when TxDOT actually paid for claims). Berkshire Hathaway, which bore the burden of establishing that no genuine issue of material fact exists for trial, did not demonstrate that Kolb's language was limited in the fashion that it

5

describes in the Objections. *See Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001).

Moreover, Berkshire Hathaway did not produce any evidence showing that TxDOT never paid MCM or that MCM never filed a claim on Wildstone's behalf. Thus, Berkshire Hathaway failed to meet "its burden of demonstrating the absence of a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). In failing to do so, Berkshire Hathaway did not prompt Wildstone to present opposing evidence or argument.

In sum, the Court finds that Berkshire Hathaway impermissibly raises a new argument in its Objections and has not demonstrated that any agreement between MCM and Wildstone was conditional. Even if the agreement was conditional, Berkshire Hathaway failed to present evidence or demonstrate a lack of evidence before the Report was issued that such condition was not met.

As such, Berkshire Hathaway's Objections are **OVERRULED**.

## Conclusion

Having considered Defendant Berkshire Hathaway Specialty Insurance Company's Motion for Partial Summary Judgment, (Dkt. #36), the subsequent briefing, the record, and the relevant law, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (Dkt. #56), as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant Berkshire Hathaway Specialty Insurance Company's Motion for Partial Summary Judgment, (Dkt. #36), is hereby **DENIED**.

**So ORDERED and SIGNED this 29th day of March, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE