IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WILDSTONE CONSTRUCTION, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BERKSHIRE HATHAWAY SPECIALTY<br>INSURANCE COMPANY,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§  Civil Action No.: 4:19-cv-589-ALM-KPJ<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Wildstone Construction's Objections to Defendant's Previously Undisclosed Witnesses and Motion to Strike (the "Motion") (Dkt. 50), to which Defendant filed a response (the "Response"). *See* Dkt. 54.

Having considered the arguments and applicable authorities, the Court finds the Motion is hereby **DENIED**.

### I.   BACKGROUND

On October 16, 2020, nearly five months after the close of discovery on May 29, 2020, Berkshire Hathaway Specialty Insurance Company ("Defendant") supplemented its disclosures with the addition of three previously non-disclosed individuals as persons likely to have discoverable information: S. Jay Loomis, P.E. ("Loomis"), Tina Massey, P.E. ("Massey"), and Paul Wenzel ("Wenzel"). *See* Dkt. 50-2. That same day, Defendant served its trial exhibit and witness lists, which included the same three individuals as witnesses. *See* Dkt. 50-3.

Wildstone Construction, LLC ("Plaintiff") filed the present Motion on October 28, 2020, requesting that, due to Defendant's late disclosure, the three individuals be stricken from Defendant's witness list and be excluded from offering any testimony at trial. *See* Dkt. 50 at 3. In

1

the Response, Defendant withdraws Wenzel as a witness to testify. *See* Dkt. 54 at 1. Therefore, the Motion concerns only the testimony of Loomis and Massey.

## II. LEGAL STANDARD

When a party fails to provide information as required under Federal Rule of Civil Procedure 26(a) or (e), the party may not use that information or witness to "supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Courts maintain broad discretion in deciding whether such a violation is substantially justified or harmless. *See Hanan v. Create Carrier Corp.*, No. 3:19-cv-149-B, 2020 WL 1692952, at *2 (N.D. Tex. Apr. 7, 2020) (citing *Overbeck v. Envoy Air, Inc.*, No. 3:15-cv-3036-BH, 2017 WL 3726781, at *2 (N.D. Tex. Aug. 29, 2017)).

The Court considers four factors when exercising its discretion: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

## III. ANALYSIS

### A. EXPLANATION

The Court first considers Defendant's "explanation for the failure to identify the witness." *Geiserman*, 893 F.2d at 791. Plaintiff argues only that Defendant withheld discoverable information until after the close of discovery and failed to timely supplement its disclosures. *See* Dkt. 50 at 2–3. Defendant contends that its late disclosure was due to protracted disclosures from Plaintiff. *See* Dkt. 54 at 4.

Defendant presents that the Texas Department of Transportation ("TxDOT") conducted an audit in early 2019, and determined that Plaintiff billed $514,357.19 in materials on hand ("MOH")

that it had not yet delivered or was not suitable for installation. *See id.* at 1. Defendant contends Plaintiff corresponded with Defendant on May 15, 2019, indicating Plaintiff had overbilled for MOH in the amount of $235,287.00. *See id.* at 4. Defendant argues that, given what it viewed as an admission of the amount of overbilling, Defendant had no need for TxDOT employees to testify. *See id.* On April 20, 2020, however, Plaintiff amended its damages disclosures, showing an adjustment in the amount of overbilling from $235,287.00 to $133,712.15. *See id.* Defendant asserts it then served written discovery seeking to understand the change in Plaintiff's damages disclosures; however, the responses gave Defendant no reason to believe it needed testimony from TxDOT employees regarding the audit. *See id.*

Defendant alleges that on October 5, 2020, more than three months after the May 29, 2020, discovery deadline (*see* Dkt. 154), Plaintiff supplemented its damages disclosures, further reducing the amount of overbilled MOH to $81,234.58, and produced nearly 700 pages of documents allegedly bearing some relationship to the change in damages calculations. *See* Dkt. 54 at 4. Defendant argues that on October 16, 2020, less the two weeks following Plaintiff's supplemented disclosures, it disclosed TxDOT employees with personal knowledge of the MOH audit, Loomis and Massey. *See id.*

Plaintiff did not respond to Defendant's explanation regarding its late disclosure of the TxDOT witnesses. The Court finds Defendant's uncontested explanation is reasonable; hence, this factor weighs in favor of Defendant. *See Southwest Refrigerated Warehousing Servs. JV v. M.A. & Sons, Inc.*, No. EP-16-cv-421-DCG, 2017 WL 8777393, at *2 (W.D. Tex. Sept. 21, 2017) (finding an explanation for late disclosure of evidence plausible where the existence of the evidence was discovered during a deposition on the day of the discovery deadline).

3

### B. IMPORTANCE

The Court next considers the "importance of the testimony." *Geiserman*, 893 F.2d at 791. Plaintiff argues the TxDOT employees at issue "have information regarding materials supplied to the project and material on hand audits performed by [TxDOT];" materials incorporated into the project "are a central issue in this dispute;" and late disclosure has prevented Plaintiff from conducting discovery to determine what information the TxDOT employees possess "concerning a critical issue in this case." Dkt. 50 at 2–3.

Defendant argues the testimony of the TxDOT employees is now important because, due to Plaintiff's amended MOH overbilling calculation, the value of an offset available to Defendant is now in question. *See* Dkt. 54 at 5. Defendant presents that the trier of fact should have the opportunity to consider the TxDOT audit in determining the value of the potential offset available to Defendant, particularly as it may result in an offset equal or greater than the amount Plaintiff seeks in damages from Defendant. *See id*.

Thus, both parties agree that the testimony of Loomis and Massey is of great importance to the resolution of this case. This factor weighs in favor of Defendant. *See Hanan*, 2020 WL 1692952, at *3 (finding the factor weighed in favor of late-disclosing party where the importance of the testimony was undisputed).

### C. PREJUDICE

Next, the Court considers the "potential prejudice in allowing the testimony." *Geiserman*, 893 F.2d at 791. Plaintiff argues the late disclosure of Loomis and Massey is prejudicial because it prevents Plaintiff from conducting adequate discovery prior to trial. *See* Dkt. 50 at 3. Defendant contends there is no potential prejudice to Plaintiff because Plaintiff has been aware of the TxDOT audit and the dispute regarding the MOH overbilling figure since at least May 2019. *See* Dkt. 54

4

at 5. Defendant further argues there is time for depositions of Loomis and Massey before trial, and states it has no objection to the Court permitting Plaintiff to conduct discovery specific to Loomis and Massey. *See id.* at 5-6.

Plaintiff did not respond to Defendant's suggestion for mitigating any prejudice. The Pretrial Conference in this matter has been reset to May 10, 2021. *See* Dkt. 60. Thus, Plaintiff will have had more than six months since Defendant raised the need for testimony from Loomis and Massey to pursue discovery related to Loomis and Massey by the time of trial, and still has nearly a month before the Pretrial Conference to conduct specific discovery, if necessary. The Court finds this factor weighs in favor of Defendant. *See Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, No. H-09-3712, 2010 WL 11661413, at *1 (S.D. Tex. Aug. 16. 2010) (finding lack of unfair prejudice where the party receiving a late addition to a witness list was likely aware of the testimony that would be offered and could take the deposition of the witness and file amended or supplemental proposed findings of fact and conclusions of law if necessary based on the deposition).

### D. CONTINUANCE

Finally, the Court considers the "the availability of a continuance to cure such prejudice." *Geiserman*, 893 F.2d at 791. Plaintiff does not make an argument about the necessity or availability of a continuance. *See* Dkt. 50. Defendant argues a continuance is not necessary, as Plaintiff has time to pursue discovery to cure perceived prejudice prior to trial. *See* Dkt. 54 at 6. Plaintiff did not respond to this assertion.

The Court finds that, as presented, a continuance does not appear necessary in this matter. Plaintiff has had, and still has, ample time to pursue discovery related to the testimony of Loomis and Massey before trial. Even if a continuance was needed to cure prejudice, there is no argument

5

or reasoning before the Court suggesting that such a remedy would not be available. Thus, this factor weighs in favor of Defendant.

## IV.  CONCLUSION

Each of the *Geiserman* factors support permitting Defendant to present the testimony of Loomis and Massey at trial.

Upon consideration, therefore, Wildstone Construction's Objections to Defendant's Previously Undisclosed Witnesses and Motion to Strike (Dkt. 50) is **DENIED**.

The Court will allow for limited discovery related to S. Jay Loomis, P.E., and Tina Massey, P.E. up to the date of the Pretrial Conference.

**So ORDERED and SIGNED this 14th day of April, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE